UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT K. DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00253-JPH-MJD |
| | ) | |
| MERRICK GARLAND, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Robert K. Decker is a prisoner currently incarcerated at Terre Haute Federal Correctional Institution (Terre Haute). In this civil action, Mr. Decker alleges that the defendants created Terre Haute's Communications Management Unit (CMU) in violation of the Administrative Procedures Act (APA), retaliated against him in violation of his First Amendment rights by placing him in the CMU, and violated the U.S. Constitution's Full Faith and Credit Clause by not honoring a state court order regarding communication with his young son.

Mr. Decker's motion for status, dkt. [11], and motion to screen complaint, dkt. [12], are **granted to the extent** this Order screens his complaint and directs further proceedings.

**I. Screening Standard**

Because Mr. Decker is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The complaint names eleven defendants: U.S. Attorney General Merrick Garland, Director of the Bureau of Prisons (BOP) Michael Carvaljal, Assistant Director of Programs David Brewer, Guy Pagli of the Counter Terrorism Unit, Terre Haute Warden Brian Lammer, Federal Correctional Institution, Unit Team Manager Todd Royer, Intelligence Resource Officer Jamie Wheeler, Case Manager Rebekka Eisele, Legal Department Head Katerine Siereveld, and the BOP.

The complaint makes the following allegations. The CMU was created without the opportunity for public notice and comment as required by the Administrative Procedures Act, 5 U.S.C. § 551. Inmates placed in the CMU are socially isolated and denied access to most prison programming. The defendants placed Mr. Decker in the CMU in retaliation for filing lawsuits. They have failed to provide periodic review of his placement in the CMU. As a result, Mr. Decker has suffered psychologically and emotionally. He seeks injunctive relief and compensatory and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

### A. Claims Which are Dismissed

#### 1. *Bivens* First Amendment Retaliation Claim

Mr. Decker's First Amendment retaliation claim is necessarily brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). But the Supreme Court has only recognized an implied damages remedy for constitutional violations committed by federal actors in three circumstances: unreasonable searches and seizures in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 397; gender discrimination in federal employment in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979); and deliberate indifference to a federal prisoner's serious medical need in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980).

In 2017, the Supreme Court decided *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). Noting that expanding *Bivens* is a "disfavored judicial activity," the Court created a process for determining whether a *Bivens* remedy is available for a constitutional claim involving federal actors. *Id.* at 1857. First, the court must ask whether the claim presents a new *Bivens* context. *Id.* at 1859. If it

does, the Court then asks whether there are any special factors that counsel hesitation against granting the extension. *Id.* at 1864−65.

The Seventh Circuit has not yet decided whether a *Bivens* remedy exists for First Amendment claims in light of *Abbasi*. *Haas v. Noordeloos*, 792 F. App'x 405, 406 (7th Cir. 2020) (concluding it was error to screen out First Amendment claim where issue is unsettled in Seventh Circuit); *Smadi v. True*, 783 F. App'x 633 (7th Cir. 2019) (remanding so district court could recruit counsel to develop record). In *Fulks v. Watson*, 2:19-cv-00501-JPH-MJD, this court recruited counsel to respond to the government's argument that *Bivens* does not provide a vehicle to litigate the plaintiff's First Amendment retaliation claims and Eighth Amendment conspiracy claims. *Fulks v. Watson*, 2021 WL 1225922, *2 (S.D. Ind. Mar. 31, 2021). The court first determined that his First Amendment retaliation claims presented a new context. *Id.* at *4. It then conducted a special factors analysis, concluding that in light of alternative remedies (the Bureau of Prison's administrative remedy procedure) and the increased judicial intrusion into prison administrative decisions that would result from permitting retaliation claims, special factors counseled against extending *Bivens* to First Amendment retaliation claims. *Id.* at *6. In doing so, it relied on the Third and Fourth Circuits that had reached the same conclusion. *Id.* (citing *Earle v. Shreves*, 990 F.3d 774 (4th Cir. 2021), *petition for cert. filed*, (U.S. July 30, 2021) (No. 21-5341) and *Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018)).

The Court concludes that it would not be prudent use of resources to recruit counsel in this case because the record is sufficiently developed for the Court to conclude that Mr. Decker's claim is no different from the retaliation claim presented in *Fulks*. Consistent with this Court's reasoning

in *Fulks* and previous decisions from this Court,[1] Mr. Decker's First Amendment retaliation claim is **dismissed for failure to state a claim**.

### 2. *Bivens* Due Process Claim

Mr. Decker alleges that he was first housed in a CMU at the U.S. Penitentiary in Marion, Illinois, in 2018. After approximately 10 months, he was transferred to the CMU at Terre Haute and has been housed there ever since without periodic review of his placement. Any due process claim against the defendants in their individual capacities pursuant to *Bivens* is **dismissed**. Such claim was rejected by the Supreme Court in *Abbasi. See Smadi v. True*, 783 F. App'x 633, 634 (7th Cir. 2019) ("[T]he district court properly dismissed Smadi's due-process challenge to his placement in the restricted unit because that claim is indistinguishable from the due-process claim rejected in *Abbasi*.").

### 3. Denial of Contact Visits Claim

Mr. Decker alleges that the CMU policy denying inmates contact visits is cruel and unusual and an atypical hardship. Dkt. 1 at 14. To the extent Mr. Decker intended to raise a claim based on these allegations, the claim is **dismissed** for failure to state a claim for which relief can be granted. Mr. Decker's use of the phrase "cruel and unusual" generally relates to the Eighth Amendment, while the term "atypical hardship" generally relates to due process rights. Dkt. 1 at 14. Under either formulation, the claim fails. "Courts have held that a loss of visitation privileges—including contact visits—is not an atypical and significant hardship" that would create a constitutionally

---

[1] *See, e.g.*, *Kadamovas v. Siereveld*, No. 2:18-cv-00490-JRS-MJD, 2019 WL 2869674, at *1-2 (S.D. Ind. July 3, 2019); *Early v. Shepherd*, No. 2:16-cv-00085-JMS-MJD, 2018 WL 4539230, at *13–16 (S.D. Ind. Sept. 21, 2018); *Harris v. Dunbar*, 2:17-cv-00536-WTL-DLP, 2018 WL 3574736, at *2-4 (S.D. Ind. July 25, 2018); *Badley*, 2018 WL 3022653, at *2-4; *Albrechtsen v. Parsons*, 1:17-cv-01665-JMS-TAB, 2018 WL 2100361, at *3-5 (S.D. Ind. May 7, 2018); *Muhammad v. Gehrke*, 2:15-cv-00334-WTL-MJD, 2018 WL 1334936, at *3-4 (S.D. Ind. Mar. 15, 2018).

protected liberty interest. *Woody v. Zatecky*, 594 F. App'x 311, 312 (7th Cir. 2015) (citing *Lekas v. Briley,* 405 F.3d 602, 605, 607–08, 613 (7th Cir. 2005)). Furthermore, the denial of contact visits does not deprive inmates of the basic necessities of life as contemplated by the Eighth Amendment. *See Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (a two-year ban on all visitation except by attorneys and clergy for inmates who committed multiple substance-abuse offenses did not violate the Eighth Amendment). While a permanent or long-term ban on *all* visits might support a constitutional claim, restricting visits to no-contact does not. *See id.*; *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018) ("prison officials may violate the Constitution by permanently or arbitrarily denying an inmate visits with family members in disregard of the factors described in *Turner* and *Overton*") (citing *Turner v. Safley*, 482 U.S. 78, 95–96 (1987), and *Overton*, 539 U.S. at 131–32 (2003)); *Harris v. Donahue*, 175 F. App'x 746 (7th Cir. 2006).Because this claim is not viable, the Court does not analyze whether a *Bivens* remedy exists for it in light of *Abbasi*. *See White v. True*, 833 F. App'x 15, 18 (7th Cir. 2020) (affirming screening dismissal of First Amendment claim without obtaining briefing on whether claim was recognized under *Bivens* because underlying constitutional claim was not viable).

### 4.  Full Faith and Credit Clause Claim

Mr. Decker's claim that the defendants have violated the U.S. Constitution's Full Faith and Credit Clause by violating a state court order regarding phone calls with his young son is **dismissed for failure to state a claim**. "'[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." *Brown v. City of Chicago*, No. 19 C 2411, 2020 WL 489522, at *2 (N.D. Ill. Jan. 30, 2020) (quoting *Thompson v. Thompson*, 484 U.S. 174, 182 (1988)).

### 5.  Access to Courts Claim

Mr. Decker alleges that defendant Katherine Siereveld has repeatedly denied him access to courts by refusing to allow documents to be notarized or mailed from the CMU. "[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendant's alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim). The complaint does not describe any legitimate legal claim that was prejudiced by defendant Siereveld's actions. Thus, to the extent Mr. Decker sought to bring an access to courts claim against her, such claim is **dismissed for failure to state a claim**.

### B.  Claims Which Shall Proceed

### 1.  Administrative Procedures Act Claim

Mr. Decker's complaint alleges that the CMU was created without public notice or comment in violation of the APA. Dkt. 1 at 3-5. He seeks money damages and injunctive relief in the form of the Court ordering the BOP to place him in general population with regular opportunities for contact visits and communication with his family.

The Court notes that money damages are not available under the APA. However, the statute provides for prospective injunctive relief. See 5 U.S.C. § 702; *Veluchamy v. FDIC*, 706 F.3d 810, 812 (7th Cir. 2013) (APA authorizes injunctive relief and not money damages). Additionally, the proper defendant for an APA claim is generally the Federal Bureau of Prisons. *White v. Henman*, 977 F.2d 292, 293 (7th Cir. 1992) (BOP appropriate defendant for APA claim). Therefore, Mr. Decker's APA claim **shall proceed** against the Federal Bureau of Prisons for injunctive relief

only. The **clerk is directed** to update this defendant's name on the docket to "Federal Bureau of Prisons."

### 2.  Due Process Claim

Mr. Decker's allegations that he has been held in the CMU since 2018 without periodic review of his placement support a due process claim for injunctive relief against the BOP.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 10, 2022,** in which to identify those claims.

### IV. Motion to Add Son as Plaintiff

On July 12, 2021, Mr. Decker filed a motion to add his son as a plaintiff in this action. He argued that the defendants' violation of a state court order regarding communication with his son violated his son's rights. Because the only claim related to the state court order—the Full Faith and Credit Clause claim—has been dismissed, Mr. Decker's motion to add his son as a plaintiff, dkt. [7], is **denied**.

### V. Conclusion and Service of Process

In conclusion, Mr. Decker's motions for status, dkt. [11]; dkjt. [13], and motion to screen complaint, dkt. [12], are **granted**. His motion to add his son as a plaintiff, dkt. [7], is **denied**. The only claims proceeding in this action are against the Federal Bureau of Prisons. The **clerk is directed** to terminate all other defendants on the docket.

The **clerk is directed** to issue a single summons to the Federal Bureau of Prisons, the United States attorney for this district and the Attorney General of the United States at Washington, D.C., pursuant to *Fed. R. Civ. P.* 4(i)(1). The Marshal for this District or his Deputy shall serve the

summons, together with a copy of the complaint and a copy of this Order, on the defendants at the expense of the United States.

The Marshal for this District is directed to **serve** the summons and complaint to the U.S. Attorney and Attorney General of the United States by **registered or certified mail** at the expense of the United States.

**SO ORDERED.**

Date: 2/10/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204