UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT K. DECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:21-cv-00253-JPH-MJD |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO RECONSIDER AND MOTION TO DISMISS**

Robert K. Decker has sued the Federal Bureau of Prisons (BOP) for injunctive relief for failing to provide him periodic reviews of his placement in the Communications Management Unit (CMU) in violation of his due process rights and for establishing the CMU in violation of the Administrative Procedures Act (APA). Before the Court are Mr. Decker's motion to reconsider the denial of his motion to amend his complaint and the defendant's motion to dismiss Mr. Decker's APA claim for failure to state a claim.

Mr. Decker's motion to amend sought to add a damages claim against the United States for failing to provide inmates adequate access to state law resources. The Court denied the motion because the new claim was unrelated to the claims in Mr. Decker's original complaint and would therefore be misjoined. Dkt. 30.

Mr. Decker's motion to reconsider states that he is being transferred out of the CMU and his APA claim is therefore moot. He asks the Court to dismiss that claim and allow his access to court claim to proceed. Dkt. 32. After Mr. Decker filed his motion to reconsider, the defendant moved to dismiss the APA claim for failure to state a claim. Dkt. 33. Mr. Decker responded that the defendant's motion is moot because he already requested to dismiss the APA claim. Dkt. 35.

Under these circumstances, Mr. Decker's motion, dkt. [32], is **granted to the extent** his APA claim is **dismissed**. The defendant's motion to dismiss, dkt. [33], is **denied as moot**.

Mr. Decker's motion, dkt. [32], is **denied to the extent** he seeks to amend his complaint to include an access to courts claim for damages against the United States. As the Court previously held, such a claim is unrelated to the remaining due process injunctive relief claim against the Bureau of Prisons. Dkt. 30. And even if his due process claim is moot, he cannot repurpose this case number for a completely different lawsuit a year after filing it to avoid paying a separate filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (inmates cannot pursue unrelated claims in one lawsuit to avoid paying filing fees or receiving strikes under 28 U.S.C. § 1915(g)); *Andrews v. Slawinski*, 2012 WL 12878653, at *2 (C.D. Cal. May 17, 2012) ("Rule 15 allows a plaintiff to amend his complaint only to add matters that would otherwise have been properly included in the original complaint."). If Mr. Decker wishes to pursue an access to courts claim, he may initiate a new civil rights action by filing a separate complaint.

Mr. Decker's recent filings do not address the status of his due process injunctive relief claim, but his move out of the CMU would also moot that claim. *See Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (acknowledging that transfer from prison where inmate sought injunctive relief concerning strip search practice mooted claim). Therefore, he shall have **through July 6, 2022**, in which to show cause why this action should not be dismissed as moot.

**SO ORDERED.**

Date: 6/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808


Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov