UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT K. DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00253-JPH-MJD |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION
TO REINSTATE COMPLAINT AND MOTION FOR STAY**

Robert K. Decker sued the Federal Bureau of Prisons (BOP) for injunctive relief for failing to provide him periodic reviews of his placement in the Communications Management Unit (CMU) in violation of his due process rights and for establishing the CMU in violation of the Administrative Procedures Act (APA). Mr. Decker later moved to dismiss these claims as moot because his transfer out of the CMU was pending. Dkt. 32. He also sought to amend his complaint to add a new unrelated claim for damages against the United States. *Id*. The Court granted the motion to dismiss his moot claims and denied his motion to substitute an unrelated claim. Dkt. 36. After the Court entered final judgment, Mr. Decker appealed. Dkt. 43.

Mr. Decker's appeal remains pending in the Seventh Circuit. He now asks the Court to reinstate his complaint because he was transferred to another CMU in Illinois instead of being released from the CMU as he expected. Dkt. 57. He also moves to stay the case pending the outcome of his appeal. Dkt. 59.

### I. Motion to Reinstate Complaint

Mr. Decker's motion to reinstate his complaint, filed more than 28 days after the entry of final judgment, is treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *See Justice v. Town of Cicero*, 682 F.3rd 662, 665 (7th Cir. 2012).

Relief under Rule 60(b) is "an extraordinary remedy … granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[] of law.") (internal citations omitted). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b). "Rule 60 gives district courts the power and discretion to modify their judgments when truly new facts come to light or when the judge recognizes an error and believes it should be corrected." *Kennedy*, 893 F.3d at 419.

Mr. Decker argues that his complaint should be reinstated because he was not transferred out of the CMU. Instead, he was transferred to a CMU at a different prison facility. Dkt. 57. The Seventh Circuit has held that "neither ignorance nor carelessness on the part of the litigant . . . provide grounds for relief under Rule 60(b)(1)." *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560

2

F.2d 805, 809 (7th Cir. 1977). Mr. Decker chose to prematurely dismiss his claims as moot based on his belief that he would soon be transferred out of the CMU. The fact that he was instead transferred to a different CMU is not an extraordinary circumstance justifying relief from judgment.

Furthermore, Mr. Decker's appeal remains pending in the Seventh Circuit. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Mr. Decker has provided no legal support in opposition.

Mr. Decker's issue on appeal is whether this Court erred when it denied his motion to substitute a claim against the United States for failing to provide federal inmates adequate access to state law resources for his mooted injunctive relief claims. If he wins his appeal, this case will proceed on that claim. In the interim, this Court will not reinstate his complaint for the injunctive relief claims. Indeed, Mr. Decker has not addressed why he should not instead bring a new complaint in his current district of confinement, if necessary. For these reasons, Mr. Decker's motion to reinstate his complaint, dkt. [57], is **denied**.

## II.     Motion for Stay

Mr. Decker's motion to stay this action pending the outcome of his appeal, dkt. [59], is **denied** because this case is already closed and there is nothing to stay. *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 629 (7th Cir. 2007) ("[A] 'cause' (that is, lawsuit) cannot continue to exist once every cause of action within it has been dismissed.").

The **clerk is directed** to update Mr. Decker's address on the docket consistent with the distribution of this Order.

**SO ORDERED.**

Date: 1/11/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov